UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 20-20202

v.                                    Judith E. Levy
                                    United States District Judge
Eric Bledsoe                   Anthony P. Patti
                                    Magistrate Judge

                Defendant.

_____/

**ORDER DENYING DEFENDANT ERIC BLEDSOE'S ORAL
MOTION FOR BOND**

On June 3, 2020, pursuant to a Rule 11 plea agreement, Defendant Eric Bledsoe pled guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (ECF No. 16.) Defendant admitted that he knowingly possessed and intended to distribute 1.5 kilograms of cocaine. (*Id* at PageID.88.) Defendant's plea also acknowledged that Drug Enforcement Agency officers seized drug trafficking paraphernalia and at least two handguns in connection with his arrest. (*Id*. at pageID.88-89.) Defendant has been detained since

March 21, 2020, and he is scheduled to be sentenced on September 22, 2020.

During Defendant's June 3, 2020 plea hearing, Defendant made an oral motion for release on bond pursuant to 18 U.S.C. § 3143(a)(2). Defendant argued that he was entitled to release because, after his mother passed away in late 2017, he became the sole heir of his mother's estate and was attempting to prevent the home's foreclosure. Defendant argued that his release was necessary to prevent foreclosure "because they will not talk with anyone besides [him]." The parties briefly engaged in oral argument, and though the Court declined to grant Defendant's motion on June 3, the Court invited the parties to submit supplemental briefing on the matter. The Government submitted supplemental briefing; Defendant did not. For the following reasons, the Court reaffirms its June 3, 2020 oral ruling, and Defendant's bond motion is DENIED.

Because of the nature of Defendant's underlying offense, he faces mandatory pre-sentence incarceration. 18 U.S.C. § 3143(a)(2) requires the following:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph

> (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition of execution of sentenced be detained unless—
>
> (A)
>> (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*See id.* This section applies to Defendant because he pled guilty to possession with intent to distribute: an offense covered by 18 U.S.C. § 3142(f)(1)(C) for which the maximum sentence is "ten years or more [as] prescribed in the Controlled Substances Act." *See* 18 U.S.C. § 841(b)(1)(B)(ii)(II) (directing that a conviction of possession with intent to distribute "500 grams or more of a mixture or substance containing a detectable amount of [] cocaine . . . shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years"). Additionally, this Court took Defendant's guilty plea, and determined that it was knowing, voluntary, and supported by a factual

3

basis. Defendant would therefore have no basis for filing a motion for acquittal or for a new trial.

Because Defendant cannot satisfy the procedural § 3143(a)(2) requirements for post-plea release, the Court need not discuss whether Defendant has shown by clear and convincing evidence that he would not be a flight risk or pose a danger to the community. The Court reaffirms its June 3, 2020 holding, and Defendant's motion is accordingly DENIED.

IT IS SO ORDERED.

Dated: August 27, 2020  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 27, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager